UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVE COLEMAN, | Case No. 3:25-cv-00421-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| KENNETH L. WILLIAMS, *et al.*, | |
| Defendants. | |

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter. The Court entered a screening order on March 16, 2026. (ECF No. 6.) The screening order imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 6, 9). The parties did not reach a settlement in mediation. (ECF No. 10.)

IT IS THEREFORE ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED.** Plaintiff will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

3.  Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Steve Coleman, #72160), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court is directed to **SEND** a copy of this order to (a) the Finance Division of the Clerk's Office and (b) to the attention of the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

4.  The Clerk of the Court electronically **SERVE** a copy of this order and a copy of Plaintiff's Complaint (ECF No. 7) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5.  Service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6.  Subject to the findings of the screening order (ECF No. 6), within 21 days of the date of entry of this order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but must not serve the inmate Plaintiff, the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

7.  If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the

defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint (ECF No. 4) within **60 days** of the date of this order.

9. Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

DATED:  May 27, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3